UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHANIE LEWIS,<br><br>  Plaintiff,<br><br>v.<br><br>W. LEE FLOWERS & COMPANY INC.<br>d/b/a SANDERSVILLE IGA #5056, and<br>COMPANY XYZ1-5,<br><br>  Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

YOU WILL PLEASE TAKE NOTICE that the Defendant W. Lee Flowers & Company Inc. (herein after "Defendant"), by and through its undersigned attorneys, hereby provide notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Superior Court of Washington County Georgia to the United States District Court for the Middle District of Georgia, Macon Division.

The Court has removal jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a) because there is complete diversity of citizenship between the parties and the matter in controversy has the potential to exceed $75,000.00. In support of removal, Defendant would assert as follows:

**BACKGROUND**

On November 23, 2020, Plaintiff Stephanie Lewis (hereinafter "Plaintiff"), a resident of Georgia, filed her Summons and Complaint in the Superior Court of Washington County against Defendant. Defendant W. Lee Flowers, is a South Carolina grocery company, headquartered in Lake City, South Carolina. (See Georgia Secretary of State information attached as Exhibit 1). Therefore, complete diversity exists. Plaintiff's Summons and Complaint (hereinafter the "lawsuit") are attached hereto as Exhibit 2 and incorporated herein by reference. The Complaint

alleges Plaintiff fell in Defendant's grocery store, but Plaintiff did not pled a specific amount of damages. Rather, Plaintiff seeks recovery for negligence (including past, present, and future medical expenses; lost wages; and pain and suffering) and attorney's fees and expenses of litigation.  Defendant received its copy of the lawsuit on or about December 21, 2020. Defendant filed an Answer in the Superior Court of Washington County on January 20, 2021. Thereafter, Defendant served discovery on Plaintiff. Plaintiff responded to Defendant's First Set of Interrogatories and First Request for Production on February 22, 2021. In her discovery, Plaintiff claims over $9,742.00 in past medical expenses. However, as seen in the responses to Defendant's Interrogatory #5 and Request for Production #1 and #2, Plaintiff has additional bills to produce in a supplemental response. (See Plaintiff's Responses attached as Exhibit 3). Further, Plaintiff claims she injured her back, neck, right arm, right shoulder, and right knee, and she was not able to return to work after the incident — her lost wages are "TBD" in response to Interrogatory #7 and #9. Upon receipt of the discovery responses from Plaintiff, counsel for Defendant emailed Plaintiff's counsel to inquire whether Plaintiff would stipulate the damages in this action did not exceed $75,000.00. Counsel for Plaintiff did not respond and has not agreed to a stipulation of damages. (See email from Defendant's counsel to Plaintiff's counsel attached as Exhibit 4). Further, if Defendant continues to litigate this claim in state court, it will be confronted with a possible argument by Plaintiff that any removal is improper or untimely based on the discovery responses already received by Defendant. "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." CHARLES A. WRIGHT, ET AL., 14B FEDERAL PRACTICE & PROCEDURE § 3721 (2003).

Under 28 U.S.C. § 1446(b)(3), Defendant may file a Notice of Removal within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Because Defendant received Plaintiff's discovery responses on February 22, 2021, this Notice of Removal is timely.

Concurrent with the filing of this Notice, Defendant is serving this Notice on counsel for Plaintiff and filing a copy of the Notice with the Clerk of Superior Court for Washington County, State of Georgia. No previous application has been made for this or similar relief. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

The United States District Court for the Middle District of Georgia, Macon Division, embraces the County in which the lawsuit was brought. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 1441 and 1446(a).

## JURISDICTION AND ARGUMENT

This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties. Plaintiff is a citizen and resident of Georgia. (*See* Plaintiff's Complaint, ¶ 1). Defendant is a corporation organized under the laws of a state other than Georgia, but operates stores within the State of Georgia. (*See* Plaintiff's Complaint, ¶ 2 and Exhibit 1).

Plaintiff alleges a cause of action for negligence based on premises liability for a fall that occurred in April 2019, and for attorney's fees and expenses of litigation for bad faith. While Plaintiff's Complaint and her discovery do not specify a specific amount of actual damages, other than stating the special damages, a reasonable interpretation of the allegations in the pleadings, and the lack of a damage limitation in Plaintiff's Prayer for Relief and refusal to

stipulate her damages, is that the matter in controversy between Plaintiff and Defendant—exclusive of interests and costs—exceeds the sum or value of Seventy Five Thousand and No/100 Dollars ($75,000.00), of which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332.

"Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Williams v. Tristar Prods.*, Civil Action No. 7:17-CV-66 (HL), 2017 U.S. Dist. LEXIS 227573, at *5 (M.D. Ga. Sep. 21, 2017) (internal citations omitted). "The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. . . . The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id*.

Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, reasonable extrapolations, and a district court need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010) (internal citations and quotations omitted).

Although the claim filed by Plaintiff does not concern disfiguring burn injuries like the plaintiff in *Williams v. Tristar*, Plaintiff, a 57 year old female at the time of her fall (See response to Interrogatory #17 in Exhibit 3 for her date of birth), does claim she has not been able to return to work as a Certified Nursing Assistant and claims lost income. (See response to Interrogatory #9).

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court remove the above-captioned matter now pending against them in the Superior Court for Washington County to the United States District Court for Middle District of Georgia, Macon Division wherein it shall proceed as an action originally commenced therein.

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/J. Adam Ribock*
J. Adam Ribock, GA Bar No. 881297
adam.ribock@mgclaw.com
Post Office Box 12519, Capitol Station
Meridian, 1320 Main Street, 10th Floor (29201)
Columbia, South Carolina 29211-2519
(803) 779-2300

ATTORNEYS FOR DEFENDANT

March 23, 2021