⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WASHINGTON COUNTY, GEORGIA
**SUCV2020000281**

NOV 23, 2020 01:15 PM

*Joy H. Conner*
Joy H. Conner, Clerk
Washington County, Georgia

IN THE SUPERIOR COURT OF WASHINGTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STEPHANIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | |
| ) | _____ |
| W. LEE FLOWERS & COMPANY INC. d/b/a ) | |
| SANDERSVILLE IGA #5056, and ) | |
| COMPANY XYZ 1-5, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephanie Lewis ("Plaintiff") files this Complaint against defendants W. Lee Flowers & Co., Inc. and Company XYZ 1-5 (collectively "defendants") and shows this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

2. Defendant W. Lee Flowers & Company Inc. d/b/a Sandersville IGA #5056 ("defendant IGA") is a foreign corporation who is authorized to and regularly transacts business in Georgia, including Sandersville, Georgia.

3. Defendant IGA may be served with legal process by serving its registered agent for service, C T Corporation System, 289 S Culver St., Lawrenceville, GA 30046.

4. When served in the manner required by law, defendant IGA will be subject to the jurisdiction and venue of this Court.

5. Alternatively, defendants Company XYZ 1-5 owned and operated the Sandersville IGA. Plaintiff incorporates all factual allegations and claims made in this Complaint against

defendant IGA as if stated against defendants Company XYZ 1-5. Defendants Company XYZ 1-5 will be named and served with a summons and a copy of Plaintiff's Complaint after their identities are revealed.

6. Venue is proper in this Court.

7. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

8. This Court has personal jurisdiction over defendant IGA.

9. There has not been an insufficiency of service with respect to defendant IGA.

10. There has not been an insufficiency of service of process with respect to defendant IGA.

11. Plaintiff's Complaint states a claim for relief against defendants upon which relief can be granted.

12. Plaintiff has not failed to join a party under O.C.G.A. § 9-11-9.

## FACTS

13. IGA is a brand of grocery stores that operates in more than 30 countries.

14. IGA operates as a franchise.

15. On or about April 25, 2019, defendant IGA or defendants Company XYZ 1-5:

    a. owned or was in control of the Sandersville IGA;

    b. possessed the Sandersville IGA;

    c. possessed the Sandersville IGA with the intent to occupy and control it;

    d. held the Sandersville IGA open to the public for business purposes;

    e. induced or led others, including Plaintiff and by express or implied invitation, to enter the Sandersville IGA for a lawful purpose;

    f. operated a retail store on the premises referred to in the preceding paragraphs.

16. On or about April 25, 2019, Plaintiff lawfully entered the Sandersville IGA for the purpose of purchasing goods.

17. On or about April 25, 2019, Plaintiff, after lawfully entering the Sandersville IGA, assumed the legal status of an invitee, as defined under Georgia Law.

18. On or about April 25, 2019, while shopping inside the Sandersville IGA, Plaintiff slipped and fell on a puddle of water that was present at or near one of the Sandersville IGA's cash registers, causing Plaintiff to suffer bodily injuries.

19. As a direct and proximate result of the negligent or other wrongful conduct of defendants, Plaintiff suffered the injuries and damages described herein.

20. The subject incident and Plaintiff's injuries and damages could have been avoided had defendants acted in a safe and prudent manner as required by Georgia law.

21. Plaintiff is a completely innocent victim in the subject incident.

22. At all times alleged herein, Plaintiff:

    a. exercised reasonable and ordinary care for her own personal safety;

    b. had no knowledge of the dangerous condition on the floor;

    c. could not have, through the exercise of reasonable care, discovered the dangerous condition on the floor.

23. On June 19, 2019, Plaintiff sent, to a representative of defendant IGA or defendants Company XYZ 1-5, a letter requesting "the preservation of certain evidence related to this accident and my client's potential claims," including "Video surveillance."

24. Defendant IGA or defendants Company XYZ 1-5 received the June 19, 2019 letter.

25. After receiving the June 19, 2019 letter, defendant IGA or defendants Company XYZ 1-5 told Plaintiff that it received the June 19, 2019 letter, and saved and reviewed a surveillance video of the subject incident.

26. Prior to filing suit, defendant IGA or defendants Company XYZ 1-5 refused to produce a copy of the surveillance video to Plaintiff.

27. The evidence identified in the June 19, 2019, including the surveillance video of the subject incident, is necessary and material to contemplated or pending litigation.

28. Receipt of the June 19, 2019 letter gave defendant IGA or defendants Company XYZ 1-5 express, actual, or constructive notice that Plaintiff was contemplating or planning litigation.

29. Receipt of the June 19, 2019 letter gave defendant IGA or defendants Company XYZ 1-5 establishes that defendant IGA or defendants Company XYZ 1-5 actually or reasonably should have anticipated litigation.

30. Receipt of the June 19, 2019 letter gave defendant IGA or defendants Company XYZ 1-5 triggered defendant IGA's or defendants Company XYZ 1-5's duty to preserve the evidence identified in the June 19, 2019 letter, including the surveillance video of the subject incident.

31. Defendant IGA or defendants Company XYZ 1-5, however, breached that duty by destroying or failing to preserve the surveillance video of the subject incident.

32. Defendant IGA or defendants Company XYZ 1-5 destroyed or failed to preserve the surveillance video of the subject incident after viewing and refusing to produce it to Plaintiff.

33. Plaintiff was prejudiced as a result of defendant IGA's or defendants Company XYZ 1-5's destruction of or failure to preserve the evidence identified in the June 19, 2019 letter.

34. Defendant IGA or defendants Company XYZ 1-5 acted willfully and in bad faith when it destroyed or failed to preserve the evidence identified in the June 19, 2019 letter.

35. The evidence defendant IGA or defendants Company XYZ 1-5 destroyed or failed to preserve establishes that defendant IGA or defendants Company XYZ 1-5 is liable for the injuries and damages Plaintiff suffered as a result of the subject incident.

36. The potential for abuse is high if defendant IGA or defendants Company XYZ 1-5 is allowed to present any evidence based on or related to the now unavailable evidence.

## COUNT I

### NEGLIGENCE

37. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38. Defendants had a duty to exercise ordinary care to inspect and keep the Sandersville IGA safe for persons lawfully on said premises, including Plaintiff.

39. Defendants had a duty to warn all persons lawfully on said premises, including Plaintiff, of hazardous conditions defendants knew existed on said premises.

40. Defendants breached those duties and are liable for their tortious acts and omissions, which include, but are not limited to, the following:

    a. improperly operating, managing, maintaining, and controlling the Sandersville IGA;

    b. failing to keep the Sandersville IGA safe for all persons lawfully on the premises;

c. failing to keep the floors at the Sandersville IGA clear for safe passage for all persons lawfully on the premises, including Plaintiff;

d. failing to warn all persons lawfully on the premises of the Sandersville IGA, including Plaintiff, of the dangerous conditions when defendants knew or should have known, in the exercise of ordinary care, that such a warning was necessary to prevent injury;

e. failing to make a reasonable inspection of the Sandersville IGA when defendants knew or should have known, in the exercise of ordinary care, that said inspection was necessary to prevent injury; and

f. allowing the Sandersville IGA to remain in a dangerous condition.

41. The above breaches of duties, at a minimum, amount to negligence.

42. Defendants, with actual or constructive knowledge of the hazardous condition on the premises, allowed the hazardous condition to remain on the floor for an unreasonable period of time.

43. As a direct and proximate result of the foregoing and other breaches of duties, Plaintiff suffered the injuries and damages described herein.

44. As a direct and proximate result of the foregoing and other breaches of duties, Plaintiff suffered special and general damages in an amount to be proven at trial.

### COUNT II: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

45. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 44 as if fully restated.

46. Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, such that Plaintiff seek to recover from

defendants all costs of litigation, including attorney's fees and expenses, pursuant to O.C.G.A. § 13-6-11 and all other applicable Georgia law.

47. Defendants are liable for Plaintiff's attorney's fees and litigation expenses under O.C.G.A. § 13-6-11 and other applicable law.

## DAMAGES CLAIMED

48. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 47 as if fully restated.

49. The damages claimed by Plaintiff were directly and proximately caused by defendants' negligence and other wrongful conduct.

50. Plaintiff claims all damages she suffered for which she is entitled to recover, including, but not limited to, the following:

   A. Past, present, and future medical expenses;

   B. Lost wages;

   C. All components of physical and mental pain and suffering, and emotional distress; and

   D. Attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 and other law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

   A. That summons issue requiring defendants to appear as provided by law to answer this Complaint;

   B. That service be had on defendants as provided by law;

C. That Plaintiff have and recover all damages for losses compensable under Georgia law, as set forth above;

D. That all attorneys' fees, expenses of litigation, and costs be cast against defendants;

E. A trial by jury; and

F. For such other and further relief as is just and proper

Dated this 23rd day of November, 2020.

LITNER + DEGANIAN, P.C.

*/s/ David T. Rohwedder*

David T. Rohwedder
Georgia Bar No. 104056
*Attorney for Plaintiff*

1776 Briarcliff Road, NE
Atlanta, GA 30306
P: 678-705-6270
F: 678-809-1775
dave@litnerlaw.com

THE REESE FIRM, LLC

*/s/ Tremaine K. Reese*

Tremaine K. Reese
Georgia Bar No. 503391
*Attorney for Plaintiff*

1318 Stark Avenue
Columbus, GA 31906
P: 706-341-1822
F: 706-243-6446
teddyreese@teddyreesefirm.com